ON MOTION FOR REHEARING
SCHEB, Acting Chief Judge.
We grant Appellant Mary Farr’s motion for rehearing. We withdraw our opinion pf February 14,' 1990 and substitute the following.
The appellant executed a mortgage on her property in 1981 in favor of Heritage Federal Savings and Loan. This mortgage was recorded. In June 1984, her son and daughter-in-law obtained a loan from Ap-pellee Beneficial Mortgage Company of Florida and fraudulently executed, in the appellant’s name, a mortgage on that same property to Beneficial. As part of the refinancing, Beneficial paid off the Heritage mortgage. In 1986, Beneficial sought to foreclose on its mortgage and requested a determination of its subrogation rights for allegedly paying off United States tax liens filed against the appellant’s property.
After review of the pleadings and various depositions, affidavits, and interrogatories, the trial court entered an order granting Beneficial’s motion for partial summary judgment on December 12, 1988. Pursuant to that order, the appellant was to pay Beneficial the monthly installments which she had been obligated to pay under the Heritage Federal note and mortgage on the amount owed in June 1984. The court thereby excused her from paying interest for several years. Also, the appellant was ordered to reimburse Beneficial $17,408.02 for its payment of two federal tax liens.
We find no merit to the appellant’s contentions that the trial court erred in its findings and judgment except as to the federal tax liens. There is no evidence to support that part of the order subrogating Beneficial to the amount of $17,488.02 for payment of the liens.
At oral argument, Beneficial conceded that it is only entitled to subrogation for $13,509.96, the face amount of the tax lien in the appellant’s sole name, dated February 9, 1984 and recorded in Official Record Book 2216, Page 768 of the Public Records of Polk County, Florida. However, as the appellant points out in her motion for rehearing, the record does not support that *695 such payment has been made or if made, by whom.
Accordingly, we vacate that part of the final summary judgment which subrogates Beneficial to $17,488.02 and remand for an evidentiary hearing solely on the issue of whether the lien has been discharged by Beneficial and the extent of payment, not to exceed the $13,509.96 figure. Otherwise, we affirm.
Any motion for rehearing shall be filed within seven days from the date of this opinion and any response thereto must be filed within five days thereafter.
DANAHY and LEHAN, JJ., concur.